**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOY ELLISON, | ) |
| on behalf of plaintiff and a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FULLETT ROSENLUND ANDERSON P.C., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff, Joy Ellison, brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Fullett Rosenlund Anderson P.C. ("FRA"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce

the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC,* 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant is located within this District.

## PARTIES

9. Plaintiff, Joy Ellison, is an individual who resides in Lake County, Illinois.

10. Defendant, FRA, is a law firm organized as an Illinois professional corporation with principal offices at 430-440 Telser Road, Lake Zurich, Illinois 60047.

11. FRA is engaged in the business of using the mails and telephone to collect consumer debts owed to others.

12. Defendant states on its web site: "Fullett Rosenlund Anderson PC takes a great deal of pride in the reputation of its assessment collection department. Our firm fully appreciates the importance of a community association's ability to collect delinquent assessments, and the firm's level of attention and staffing devoted to assessment collections is commensurate with this responsibility. Our firm at all times strives to maintain an innovative, aggressive and highly-responsive approach to assessment collections and employs state-of-the art technology and procedures in executing this essential function of association legal counsel. Association

2

board members and managers have 24/7 access to our interactive assessment collection portal, which provides an updated status of all assessment collection matters we are handling. Examples of collection-related services our firm provides to associations include the following: Representation in forcible entry and detainer cases.  Representation of associations' interests in owner mortgage foreclosure cases. Representation of associations' interests in owner bankruptcy cases. Representation in lien foreclosure cases. Development and drafting of assessment collection policies." (http://www.frapc.com/Practice-Areas/Association-Assessment-Collections.aspx)

13.     FRA is a debt collector as defined in the FDCPA.

## FACTS

14.     FRA has been attempting to collect from plaintiff an alleged debt for homeowners' association dues on the unit in which plaintiff resides.

15.     Most or all of the debt was discharged in a Chapter 7 bankruptcy, 15 B 36014.

16.     Plaintiff had scheduled the debt (Exhibit A).

17.     The court entered a discharge on February 5, 2016.

18.     On or about March 7, 2017, defendant FRA sent plaintiff the notice attached as Exhibit B.

19.     Exhibit B is the first letter plaintiff received from defendant regarding the debt described therein.

20.     On information and belief, based on its contents, Exhibit B was the first letter defendant sent to plaintiff regarding the debt described therein.

21.     Exhibit B is a form document regularly used by defendant FRA in collecting association debts, as the initial demand sent to the consumer.

22.     Exhibit B demands payment of $4,365.02 and states that the amount dates back at least in part to February 1, 2011, i.e., before the Chapter 7 petition.

23.     Exhibit B conveys the false impression that the recipient is personally liable for the entire amount.

3

24.     Plaintiff believes that she is not personally liable for all or most of the debt.

25.     The only hint in Exhibit B that the recipient is not personally liable to make the payment is the title, "in rem notice and demand for possession," and the statement that the "property" is liable for the debt.

26.     No layperson would understand this to negate personal liability on the debt.

27.     Exhibit B also states that the recipient's right to possession will terminate 34 days from the date of the notice.

28.     This statement contradicts and overshadows the notice of debt which is also included in Exhibit B.

29.     While Exhibit B states that the FRA will suspend collection activity if a dispute is received, the demand for possession is by the association.

## COUNT I – FDCPA

30.     Plaintiff incorporates paragraphs 1-29.

31.     Exhibit B violates:

      a.     15 U.S.C. §1692e, 1692e(2), 1692e(5) and 1692e(10), by asserting that plaintiff is personally liable for a discharged debt and by not identifying what amounts she is personally liable for;

      b.     15 U.S.C. §1692g, by misstating the amount if any for which plaintiff is personally liable.

32.     Section 1692e provides:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of--**

**(A) the character, amount, or legal status of any debt; or**

**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .**

4

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

33.     Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .**

## CLASS ALLEGATIONS

34.     Plaintiff brings this claim on behalf of a class and subclass, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

35.     The class consists of (a) all individuals (b) to whom defendants have sent a notice in the form requested by Exhibit B (c) where the notice is sent to the same address as that of the property (d) and was sent at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

36.     The subclass consists of class members where the debt that is the subject of the

5

notice was discharged in whole or in part in bankruptcy.

37.     On information and belief, the class and subclass are each so numerous that joinder of all members is not practicable.  Defendant FRA files more than 20 lawsuits on behalf of associations each month.  A notice is sent to each of these persons, as well as others against whom no suit is filed.  A substantial number of the debtors have obtained bankruptcy discharges.

38.     There are questions of law and fact common to the class members, which common  questions predominate over any questions relating to individual class members.  The predominant common questions are:

        a.     Whether Exhibit B overshadows the "notice of debt";

        b.     Whether sending Exhibit B on a discharged debt is misleading.

39.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

40.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

41.     A class action is superior for the fair and efficient adjudication of this matter, in that:

        a.     Individual actions are not economically feasible.

        b.     Members of the class are likely to be unaware of their rights;

        c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

        i.     Statutory damages;

        ii.     Attorney's fees, litigation expenses and costs of suit;

        iii.     Such other and further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Emiliya Gumin Farbstein
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

8