IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOY ELLISON, on behalf of a
class,

                    Plaintiff,            Case No. 17 CV 2236

            v.                            Judge Harry D. Leinenweber

FULLETT ROSENLUND ANDERSON
P.C.,

                    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Joy Ellison, an individual residing in Lake County, Illinois, sues Defendant Fullet Rosenlund Anderson P.C. ("FRA"), a law firm, for allegedly violating the Fair Debt Collection Practices Act ("FDCPA"). The case is before the Court on the parties' cross-motions for summary judgment. For the reasons stated herein, Plaintiff's Motion (Dkt. No. 28) is granted and Defendant's Motion (Dkt. No. 31) is denied.

## I.  UNDISPUTED FACTS

This case arises from a notice sent from FRA and received by Plaintiff on March 7, 2017 ("Notice") (Pl.'s Resp. to Def.'s Statement of Facts ("Def. SOF") ¶ 9, Dkt. No. 39.) During the relevant time, Plaintiff owned a property at North Old Creek Court, in Gurnee, Illinois. (Def. SOF ¶ 5.) The property is a single-

1

family home run by the Brookside Village Neighborhood Association ("Association"), which has the ability to charge monthly assessments. (SOF ¶ 6.) On October 23, 2015, Plaintiff filed for bankruptcy, and in February 2016, the bankruptcy court entered a bankruptcy discharge. (Def. SOF ¶¶ 8-9.) Among the discharged debt was a debt held by the Association for dues. (Def.'s Resp. to Pl.'s Statement of Facts ("Pl. SOF") ¶ 5, Dkt. No. 38.) FRA was aware at the time it sent the Notice that Plaintiff's dues debt to the Association had been discharged. (Pl. SOF ¶ 8.) On March 7, 2017, FRA sent the Notice, which Plaintiff subsequently received. (Pl. SOF ¶ 9.) The Notice sought to collect a debt to the Association. (Def.'s Reply to Pl.'s Statement of Additional Facts ("Pl. SOAF") ¶ 14, Dkt. No. 46.) The parties dispute whether the debt sought was Plaintiff's dues debt. (Pl. SOAF ¶ 14.)

The following facts are derived from the Notice itself and are thus undisputed. The Notice begins with a header providing: "THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY AND ALL INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." (Notice, Ex. A to Def. SOF, Dkt. No. 39.) The title of the Notice states, "IN REM NOTICE AND DEMAND FOR POSSESSION." (*Id.*) The Notice's address block includes the following:

> 36205 North Old Creed Court
> c/o Joy Ellison
> and All Unknown Occupants

36205 North Old Creek Court
                    Gurnee, IL 60031

(*Id.*)  The body of the Notice includes three paragraphs.  The first

begins by stating:

> THIS IS THE PROPERTY'S NOTICE . . . that the property is
> in default of its ongoing obligation due to Brookside
> Village Neighborhood Association in the sum of $4,100.00
> for its proportionate share of the expenses . . .
> lawfully agreed upon due and owing at least in part since
> 02/01/2011, as well as the sum of $265.02 in legal fees
> and costs in attempting to collect this account, for a
> total sum of $4,365.02.

(*Id.*)  The Notice thereafter warns that the Association will demand

possession of the property upon expiration of the Notice. (*Id.*)

The second paragraph states:

> This is its NOTICE that payment in full of the amount
> stated above is demanded of the property and that, unless
> its payment of the FULL AMOUNT is made on or before the
> expiration of thirty-four (34) days after the date of
> mailing of this Notice, THE ASSOCIATION MAY SEEK TO
> TERMINATE ANY RIGHT TO POSSESSION OF THE PREMISES.

(*Id.*)  That paragraph concludes that "[i]f the debt is disputed as

discussed below, this office will suspend its efforts to collect

the debt until the information is mailed."  (*Id.*)

Finally, the third paragraph asserts, in all caps, the manner

in which the debt may be disputed, stating:

> UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER
> RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF
> THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME
> THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING
> . . . THAT YOU DISPUTE THE VALIDITY OF THIS DEBT
> . . . THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT
> . . . IF YOU REQUEST OF THIS OFFICE . . . [IT] WILL
> PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL

CREDITOR . . . IF YOU DISPUTE THE DEBT WITHIN THE 30 DAY
PERIOD, THIS OFFICE WILL SUSPEND EFFORTS TO COLLECT THE
DEBT UNTIL THE INFORMATION IS MAILED.

(*Id.*)

Upon receiving the Notice, Plaintiff consulted her attorneys. (Pl. SOAF ¶ 13.) Plaintiff also sent a letter to FRA and the Association to inform them that the debt had been discharged in bankruptcy. (Pl. SOAF ¶ 17.) The extent to which Plaintiff was confused or misled by the Notice is disputed. (Pl. SOF ¶¶ 19, 21.) The parties also dispute whether the Notice was an attempt to collect a debt from Plaintiff, individually, or from the property. (Pl. SOF ¶ 9.) On March 23, 2017, Plaintiff commenced this lawsuit (Def. SOF ¶ 16), alleging that the Notice was misleading in violation of § 1692e and § 1692g of the FDCPA. (Compl. ¶ 31.) Finally, in August 2017, FRA filed a lawsuit in state court against the 36205 North Old Creek Court property which named Ellison as defendant. (Pl. SOAF ¶ 12.)

## II. **ANALYSIS**

### A. **Standard of Review**

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Liu v. T&H Mach., Inc.*, 191 F.3d 790, 794 (7th Cir. 1999) (citation omitted). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for

4

the nonmoving party." *Pugh v. City of Attica*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When considering the Plaintiff's Motion for Summary Judgement, the Court construes the facts in the light most favorable to the Defendant, and when considering the Defendant's Motion for Summary Judgment, the Court construes the facts in the light most favorable to the Plaintiff. *See First State Bank of Monticello v. Ohio Cas. Ins. Co.*, 555 F.3d 564, 567 (7th Cir. 2009). In FDCPA cases, the Court may award summary judgment on the basis of the notice alone. *Lox v. CDA, Lt.*, 689 F.3d 818, 827 (7th Cir. 2012) (granting summary judgment because the debt collection letter was "misleading on its face").

**B.    FDCPA**

The FDCPA generally prohibits "debt collectors" from engaging in abusive, deceptive, or unfair debt-collection practices. 15 U.S.C. § 1692 *et seq*. Plaintiff invokes four FDCPA provisions: § 1692e(2); § 1692e(5); § 1692e(10); and § 1692g. Section 1692e bars debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In particular, § 1692e(2) prohibits the false representation of, *inter alia*, "the character, amount, or legal status of any debt"; § 1692e(5) prohibits the "threat to take any action that cannot legally be taken or that is not intended to be taken"; and § 1692e(10)

prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692(2), (5), (10). Finally, § 1692g provides that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing the amount of debt[.]" 15 U.S.C. § 1692g.

As an initial matter, the Court notes that Plaintiff brings two claims against Defendant: one under § 1692g for allegedly "misstating the amount . . . for which [P]laintiff is personally liable" (Compl. ¶ 31), and another under § 1692e for allegedly "not identifying what amounts she is personally liable for" (Compl. ¶ 31.) However, the Court finds that § 1692g is inapplicable to Plaintiff's allegations. Section 1692g imposes a procedural requirement for debt collectors the purpose of which is to ensure debtors are provided with the necessary information to dispute a debt, not to hold debt collectors accountable for misstated debt amounts. 15 U.S.C. § 1692g; *see also Jenkins v. Union Corp*, 999 F. Supp. 1120, 1130 (N.D. Ill. 1998) (recognizing that Congress passed § 1692g to "ensure that consumers have a fair chance to dispute and demand verification of their debt"). The more appropriate vehicle for Plaintiff's claim is § 1692e. Because the core of Plaintiff's claim in both instances is the false or

misleading representation of the purportedly owed debt, the Court will proceed only with a § 1692e analysis.

For the FDCPA to apply, certain threshold requirements must be met: (1) the defendant must qualify as a "debt collector"; and (2) the debt collector must have made a communication to a consumer "in connection with the collection of any debt." *Heyer v. Piere & Assoc., P.C.*, No. 14-c-854, 2017 WL 75739, at *5 (N.D. Ill. Jan. 9, 2017) (citation omitted), *reconsideration denied*, No. 14-c-854, 2017 WL 2404978 (N.D. Ill. June 2, 2017). The FDCPA defines a "debt collector" as:

> any person who uses an instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). Here, the undisputed facts show that FRA is a debt collector. The Notice explicitly states, "THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT." The forthcoming analysis will thus focus on the second prong—whether FRA made a communication in connection to debt collection—and, more specifically, whether the communication was misleading in violation of § 1692e of the FDCPA. Because the parties' arguments tend to repeat and overlap, to the extent that FRA disputes being a "debt collector," the Court will address that argument alongside the other arguments below.

Plaintiff maintains that she is entitled to judgment as a matter of law because FRA sent Plaintiff a confusing and misleading notice that was made in connection with the collection of a debt in violation of § 1692e.

FRA has also advanced a number of arguments for why judgment as a matter of law should be entered in its favor. Those arguments include: (1) Plaintiff is not a "consumer" for purposes of the FDCPA; (2) the Notice was not made in connection with the collection of a debt; (3) the Notice was not misleading, but accurately explained what needed to be done to avoid losing possession; and (4) the Notice complied with Illinois state law governing evictions and interpreting the Notice to violate the FDCPA would thus raise constitutional concerns.

### 1.   Plaintiff as a "Consumer"

FRA argues that Plaintiff cannot as a matter of law establish an FDCPA violation because she is not a "consumer" pursuant to the statute. A consumer is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). As such, FRA contends that Plaintiff is not "obligated to pay any debt" because of her February 2016 bankruptcy discharge. The Court disagrees.

The FDCPA "provides relief for debtors as well as non-debtors, provided no limitation in scope is stated within the specific provision on which the plaintiff's allegations are based." *Swearingen v. Portfolio Recovery Assocs., LLC*, 892 F. Supp. 2d

987, 991 (N.D. Ill. 2012) (collecting cases); *see also Dunham v. Portfolio Recovery Assoc., LLC*, 663 F.3d 997 (8th Cir. 2011) (recognizing that while certain provisions of the FDCPA restrict the scope of its application by using the word "consumer," other provisions apply broadly).  Section 1692e does not contain any language that infers such a limitation in scope—let alone the word "consumer"—and Plaintiff need not be "obligated to pay" in order to bring this suit.  15 U.S.C. § 1692a(3); *see Flowers v. Accelerated Bureau of Collections, Inc.*, No. 96-c-4003, 1997 WL 136313, at *7-8 (N.D. Ill. Mar. 19, 1997) (recognizing that many courts have held FDCPA applicable to "non-debtors who have nonetheless been harmed by an improper debt collection practice"), *on reconsideration in part*, No. 96-c-4003, 1997 WL 224987 (N.D. Ill. Apr. 30, 1997).  FRA's argument thus fails.

Therefore, Court finds that, as a matter of law, FRA is not entitled to summary judgment on this ground.

**2.   The Notice in Connection with the Collection of Any Debt**

FRA next contends that the Notice was not made in connection with the collection of any debt pursuant to § 1692e.  Plaintiff argues otherwise.

As mentioned, § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means *in connection with the collection of any debt*."  15 U.S.C. § 1692e (emphasis added).  The Seventh Circuit has noted that "[n]either

this circuit nor any other has established a bright-line rule for determining whether a communication from a debt collector was made in connection with the collection of any debt." *Gburek v. Litton Loan Servicing*, 614 F.3d 380, 384 (7th Cir. 2010). However, the Seventh Circuit has suggested considering the following factors: (1) whether the payment is demanded, (2) whether the communication was made to induce a debtor to settle a debt, and (3) the relationship between the parties. *Id*.

The undisputed facts show that the Notice demanded payment. As provided, the Notice states, "payment in full of the amount stated above is *demanded* of the property." (Notice, Ex. A to Def. SOF.) Nevertheless, FRA argues that the Notice did not demand payment from Ellison, *personally*. To support its position, FRA points out that the Notice was titled "In Rem Notice and Demand for Possession"; began by stating "THIS IS THE PROPERTY'S NOTICE"; and specified that "payment in full of the amount stated above is demanded of the property[.]" These facts, however, do not negate a demand for payment. In fact, they demonstrate the opposite. The Notice explicitly demands payment and specifies an amount— $4,365.02. This is sufficient to show that payment was demanded. FRA's argument that the Notice demanded payment not from Plaintiff but rather from the property is pertinent only to discuss whether the Notice was misleading. As such, the Court will return to this

argument in the subsequent section.  For now, FRA's argument fails to show that payment was not demanded.

Next, the undisputed facts also show that the Notice was sent to induce a debtor to settle a debt.  As already discussed, the Notice demanded payment.  The Notice specified a default in the sum of $4,100.00 and threatened that "unless . . . payment of the FULL AMOUNT is made," the "ASSOCIATION MAY SEEK TO TERMINATE ANY RIGHT TO POSSESSION OF THE PREMISES." (Notice, Ex. A to Def. SOF.) Moreover, the Notice provided that "UPON EXPIRATION OF THIS NOTICE, THE ASSOCIATION HEREBY DEMANDS POSSESSION OF THE" property. (Notice, Ex. A to Def. SOF.)  The Notice also contains language asserting that if Plaintiff disputed the debt, the FRA would "suspend its efforts" to collect it.  (Notice, Ex. A to Def. SOF; see *Alibrandi v. Fin. Outsourcing Servs.*, 333 F. 3d 82, 88 (2nd Cir. 2003) (finding that the inclusion of FDCPA warnings, albeit not conclusive, evidenced that the debt collector believed itself to be undertaking debt collection).)  The Court finds that the Notice's threat to terminate any rights to possession of the property and to then demand possession of the property, along with its inclusion of warnings constitute language designed to induce a debtor to settle the debt.

Finally, the Court turns to the relationship between the parties.  FRA contends that Plaintiff's relationship with the Association indicates that the letter was not sent in connection

with debt collection. Plaintiff's relationship with the Association, however, is not the correct point of inquiry. The Court must look to the relationship between the *parties*: in this case, Plaintiff Ellison and FRA. *Gburek*, 614 F.3d at 384. The relationship between Plaintiff and FRA resembles that of debtor and collector. Plaintiff failed to pay certain amounts to her neighborhood Association, and the Association, in return, sought FRA's assistance in collecting debts. However, the parties' dispute whether the Notice was intended to collect a debt from Plaintiff, individually. The precise nature of the relationship between Plaintiff and FRA is thus unclear. Nevertheless, weighing all of the above factors, the Court finds that FRA's Notice was sent in connection with the collection of a debt.

Notwithstanding the above, FRA contends that the Notice was sent merely to retake a security, not to collect a debt. FRA relies on *Hahn v. Anselmo Lindberg Oliver LLC*, No. 16-cv-6908, 2017 WL 1196955, at *6 (N.D. Ill. Mar. 31, 2017), to support this general proposition, emphasizing that the *Hahn* court found that an underlying foreclosure action was not an attempt to collect a debt. The Court first notes that FRA's proposition is not universally recognized. *See, e.g.*, *Glazer v. Chase Home Fin.*, 704 F.3d 453, 463 (6th Cir. 2013) (recognizing that "[t]he ultimate purpose of foreclosure is the payment of money" and finding that communications in service of foreclosure are debt collection

communications pursuant to FDCPA); *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006) (finding that money sought in foreclosure is debt under FDCPA).

Taking a closer look, the Court also finds that *Hahn* is not on point. In *Hahn*, the plaintiffs do not claim that they received any notices or letters that were misleading in connection with the collection of a debt, but rather that a foreclosure complaint was improper because it sought "to collect a legally uncollectable debt[.]" *Hahn*, 2017 WL 1196955, at *1, 3. The court reasoned, "[p]laintiffs make no specific factual allegations of misconduct or misrepresentation at all other than generally alleging that [defendant] litigated the foreclosure action. But the foreclosure action was not an attempt to collect a debt, so the FDCPA does not apply[.]" *Id.* The issue here is whether the Notice itself was misleading, which is unrelated to any foreclosure proceedings. Therefore, *Hahn* is beside the point and FRA's final argument fails.

For the foregoing reasons, the Court finds that, as a matter of law, the Notice was made in connection with the collection of debt.

### 3.   Whether the Notice is Misleading

FRA raises several arguments for why the Notice is not misleading and does not violate the FDCPA. These arguments include: (1) the Notice accurately explained what needed to be done to avoid losing possession; (2) the Notice was clearly directed to "the

property" and not to Plaintiff; and (3) Plaintiff was aware that she did not owe any debt given her bankruptcy discharge. Each will be discussed in turn, but first, the Court must consider the appropriate standard.

The Seventh Circuit uses the "unsophisticated consumer" standard when determining whether a notice is facially misleading. *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). Though "the unsophisticated consumer has 'a rudimentary knowledge about the financial world,' [the Court does] not presume that the same consumer has knowledge of relevant legal precedent." *Id.* at 822 (quoting *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009)). "The unsophisticated consumer isn't a dimwit" but "may be uninformed, naïve, and trusting[.]" *Vazquez v. USCB Corp.*, No. 17-c-6209, 2018 WL 3352662, at *4 (N.D. Ill. July 9, 2018) (quoting *Wahl*, 556 F.3d at 645). The bar for potential confusion is low to protect consumers from "unscrupulous collection methods." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000).

The Seventh Circuit has defined three categories of § 1692e cases which employ the unsophisticated consumer standard: (1) cases where "the allegedly offensive language is plainly and clearly not misleading"; (2) cases that include debt collection language that is not confusing or misleading on its face, "but has potential to be misleading to the unsophisticated consumer"; and

(3) cases "involving letters that are plainly deceptive or misleading." *Lox*, 689 F.3d at 822 (citing *Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009)). The first and third categories do not require extrinsic evidence to show whether the allegedly offensive language is misleading or not. *Id.* For the second category of cases, however, "plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Id.* The Court proceeds by considering the Notice on its face before determining whether any such extrinsic evidence is necessary from Plaintiff.

FRA first argues that the Notice accurately explained to Plaintiff what needed to be done to avoid losing possession of the property. FRA relies on *Everett v. Financial Recovery Services*, No. 16-cv-1806, 2016 WL 6948052 (S.D. Ind. Nov. 28, 2016), where the court held that a letter which stated that an accepted settlement "may have tax consequences" was not misleading because it was an "accurate representation of the law." *Id.* at *1. However, a statement that is a true and accurate representation of the law may nonetheless constitute a misleading communication that violates the FDCPA. *McMillan v. Collection Prof'l Inc.*, 455 F.3d 754, 761 (7th Cir. 2006) (citing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1258 (7th Cir. 1994) (Easterbrook, J., concurring)). As the parties' arguments demonstrate, there is a dispute over who

the debt was demanded from—Plaintiff or the property—and what amount, if any, Plaintiff owed. The Court agrees that the Notice is unclear and confusing on its face. So, even if the Notice is an accurate representation of the law, FRA has not shown that, as a matter of law, the Notice is also not misleading.

FRA next points to several provisions in the Notice that it alleges negate any confusion and demonstrate that the Notice was not misleading to Plaintiff. First, the letter was addressed to "36205 North Old Creek Court" and provides "c/o Joy Ellison and All Unknown Occupants" directly underneath. FRA argues that this disposition clearly informs the unsophisticated consumer that the Notice was sent to the property "care of" the specified individuals. Second, the Notice repeatedly and explicitly states that payment and obligations are demanded of the *property*, not of any particular *individual*. Finally, the Notice is titled "In Rem Notice and Demand for Possession" and begins by stating "THIS IS THE PROPERTY'S NOTICE."

Nonetheless, as both parties noted in their briefs, the Notice must be evaluated as a whole, not in "bits and pieces." *Macelus v. Capital Collection Serv.*, No. 17-cv-2025, 2017 WL 5157389, at *2 (D.N.J. Nov. 7, 2017); *see also Wright v. Phillips & Cohen Assocs., Ltd.*, No. 12-cv-4281, 2014 WL 4471396, at *5 (E.D.N.Y. Sept. 10, 2014) ("The least sophisticated consumer would have known, after reading the entirety of the letter, that Defendant

sought to collect a debt on behalf of [a creditor.]").  Here, the Notice, taken as a whole, is confusing to the unsophisticated consumer, regardless of having repeated references to the "property."  The "unsophisticated consumer" would not necessarily know or understand the Latin phrase "In Rem" nor that the disposition of the address and Plaintiff's name demonstrate that contents of the Notice are directed to the property and not the individual recipient therein.  The Notice repeatedly references to "you" *in addition to* "the property," which might confuse the recipient into thinking she must act in some way to address the debt, regardless of whether she individually owes it.  The Notice was thus misleading and confusing on its face.  Therefore, in accord with the standard, no additional extrinsic evidence is required from Plaintiff.

FRA nevertheless contends that, regardless of the Notice, Plaintiff was aware that she did not owe any debt given her bankruptcy discharge.  FRA relies on *Turner v. J.V.D.B. & Assocs.*, 483 F. Supp. 2d 631, 634-35 (N.D. Ill. 2007).  In *Turner*, the court held that after a bankruptcy discharge, a letter seeking to collect discharged debt did not violate § 1692e because "it did not imply to a reasonably objective, but unsophisticated consumer that the debt discharged in bankruptcy was still payable."  *Id.* at 634-35.  In reaching its conclusion, the court relied on the facts that "the letter did not imply to plaintiff that the debt was still

payable," and that "plaintiff did not believe that the debt remained payable." *Id.* at 635.

The Court finds *Turner* distinguishable and not determinative. Here, the Notice implies that a debt was still payable. In fact, the Notice explicitly states that payment is due and expected within 34 days. Regardless of the bankruptcy discharge, an unsophisticated consumer, without further investigation, might still believe the debt remained payable. Although the plaintiff in *Turner* was not confused about the debt, that is not to say that the unsophisticated consumer would not be confused if in a similar position. The ultimate question is whether the communication would deceive or mislead an unsophisticated but reasonable consumer. *Turner v. J.V.D.B. & Assocs.*, 330 F.3d 991, 995 (7th Cir. 2003). It is an objective standard. *Mehling v. Fullett Rosenlund Anderson PC*, 2016 WL 7231931, at *5 (N.D. Ill. Dec. 12, 2016) ("[I]t is irrelevant under the objective unsophisticated consumer standard whether Plaintiffs were truly misled or deceived."). As demonstrated above, the Notice, taken as a whole, is misleading to the unsophisticated consumer. Whether Plaintiff was truly misled or knew that she owed no debt is irrelevant.

Moreover, in contrast to *Turner*, other courts have found that letters attempting to collect a discharged debt can still violate the FDCPA. For example, in *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007), the Seventh Circuit found that

"there is a danger that debt collectors would continue sending these letters, thinking that the recipient mightn't realize that his debts had been discharged or that the debt he was being dunned for, perhaps long after the bankruptcy, was among the debts that had been discharged."  The recipient may further "think the debt was a debt that cannot be discharged in bankruptcy." *Id.; see also Eide v. Colitech Inc.*, 987 F. Supp. 2d 951, 962-63 (D. Minn. 2013) (finding that "sending a collection letter indicating that a certain debt is due and payable when the debt has actually been discharged in bankruptcy constitutes a false representation about the legal status of the debt, and is a violation of the FDCPA under the plain language of the statute"). The Court thus finds that Plaintiff's bankruptcy discharge does not prevent her from bringing an FDCPA claim.

For the foregoing reasons, the Court finds that, as a matter of law, the Notice was misleading to the unsophisticated consumer.

### 4.    Constitutional Concerns

Finally, FRA argues that the Notice complied with Illinois' Forcible Entry and Detainer Act ("FEDA"), so finding the Notice violated the FDCPA would raise constitutional concerns.  The Court is unsure of the parameters of these alleged constitutional concerns, as FRA fails to specify them in its briefing.  Generally, FRA seems to allege that they are hamstrung and that there is no way to comply with both FEDA, which requires sending certain

notices related to foreclosure proceedings, and the FDCPA. 735 ILCS 5/9. FRA contends that it should be able to enforce lien interests pursuant to FEDA without violating the FDCPA, and supports this proposition with the Ninth Circuit's decision in *Vien-Phuong Thi Ho v. Recontrust Co., NA*, 858 F.3d 568 (9th Cir. 2017), *cert. denied sub nom. Ho v. ReconTrust Co.*, 138 S. Ct. 504 (2017).

In *Ho*, the defendant initiated a non-judicial foreclosure due to plaintiff's failure to make payments for a loan secured by a deed of trust. 858 F.3d at 570. The court found that the notices defendant sent to plaintiff did not request payment, but "merely informed [plaintiff] that the foreclosure process had begun, explained the foreclosure timeline, and apprised her of her rights[.]" *Id.* at 574. Moreover, the court recognized that in that particular case, certain conflicts existed where finding a violation under the FDCPA would prevent a foreclosing entity from abiding by California trust laws:

> Holding trustees liable under the FDCPA would subject them to obligations that would frustrate their ability to comply with the California statutes governing non-judicial foreclosure . . . For example, the FDCPA prohibits debt collectors from communicating with third parties about the debt absent consent from the debtor. 15 U.S.C. § 1692c(b). But California law requires the trustee to announce all trustee's sales in a newspaper and mail the notice of default to various third parties. *See* Cal. Civ. Code §§ 2924b(c)(1)-(2), 2924f(b). The FDCPA also prohibits debt collectors from directly communicating with debtors if the debt collector knows that the debtor is represented by counsel. 15 U.S.C.

> § 1692c(a)(2). California law requires the trustee to
> mail the notices of default and sale directly to the
> borrower, and makes no exception for borrowers who are
> represented by counsel. Cal. Civ. Code. §§ 2924b(b)(1),
> 2924f(c)(3). In both of these cases, a trustee could not
> comply with California law without violating the FDCPA.

*Id*. In sum, the Ninth Circuit observed that finding an FDCPA violation in that case would frustrate the defendant's ability to comply with California law. The court thus held that the "right to 'enforce' the security interest necessarily implies the right to send the required notices; to hold otherwise would divorce the notices from their context." *Id.* at 573.

In applying *Ho* to this case, FRA argues that under FEDA the only way courts can acquire subject matter jurisdiction to adjudicate possession in foreclosure proceedings is by FRA—and other entities similarly situated—sending the notice and demand. 735 ILCS 5/9-104.1(a). Such notice and demand must also comport with FEDA requirements. 735 ILCS 5/9-104.1(a). FRA thus argues that it cannot heed FEDA requirements when pursuing foreclosure if such notice requirements are found unlawful under the FDCPA. As such, the Court cannot find a violation under FDCPA. *See Ho*, 858 F.3d at 576 ("When one interpretation of an ambiguous federal statute would create a conflict with state foreclosure law and another interpretation would not, respect for our federal system counsels in favor of the latter.").

This case is distinguishable from *Ho v. Recontrust Company* in several respects. First, *Ho* is about California trust law. Second, FRA fails to identify any conflict, let alone one that rises to the magnitude of conflict present in *Ho*, between FEDA and the FDCPA. Nor can the Court find any such conflicts. While fulfilling FEDA requirements, a notice or letter can still be drafted in a way that violates the FDCPA. This happens to be the case for the Notice here. Regardless of whether the Notice complies with FEDA requirements, the Court finds that the Notice was misleading and could have been crafted in a way to avoid ambiguity and confusion, particularly by informing Plaintiff either that she was not liable for the debt or by specifying the amount, if any, she was still liable for post-bankruptcy discharge.

Given the facts of this particular case, the Court sees no conflict in finding an FDCPA violation for the Notice even if the Notice complied with FEDA. FEDA maintains a statutory scheme separate from and not contradictory to the FDCPA. *See Vincent v. Chuhak & Tecson*, No. 13-c-7458, 2014 WL 1612697, at *3 (N.D. Ill. April 16, 2014) (finding that "[w]hether the notice includes information required by Illinois law [FEDA] is beside the point; it has nothing to do with the nature of the confusion alleged by plaintiffs"); *McCarter v. Kovitz Shifrin Nesbit*, 6 F. Supp. 3d 797 (N.D. Ill. 2013) (finding that FEDA "does not render plaintiff's claim 'meritless'" and FEDA has "nothing to do with the confusion

alleged by plaintiff"). Here, FEDA requires that a notice "give a condominium owner at least 30 days to satisfy the terms of the demand before an action is filed," state the amount of the demand, and provide the time for which the amount was initially due. 735 ILCS 5/9-104.1. These requirements can be met without violating the FDCPA. As such, the Court finds neither constitutional concerns nor conflicts between FEDA and the FDCPA in holding that, as a matter of law, the Notice was misleading in violation of § 1692e.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion for Summary Judgement (Dkt. No. 28) is granted, and Defendant's Motion for Summary Judgment (Dkt. No. 31) is denied.

**IT IS SO ORDERED.**

_____
                    Harry D. Leinenweber, Judge
                    United States District Court

Dated:  9/28/2018